1 │ FENNEMORE CRAIG, P.C.
  │ John H. Mowbray (No. 1140)
2 │ Amy Abdo (No. 6881)
  │ 300 S. Fourth Street, Suite 1400
3 │ Las Vegas, Nevada 89101
  │ Telephone: (702) 692-8000
4 │ Facsimile: (702) 692-8099
  │ Email: jmowbray@fclaw.com
5 │ Email: amy@fclaw.com

6 │ *Attorneys for Defendant*
  │ *Allegiant Air, LLC*
7 │

8 │ UNITED STATES DISTRICT COURT

9 │ DISTRICT OF NEVADA

10 │ SHENESE BYRD-BROADUS, an        │ No.
   │ individual;
11 │                                 │ **DEFENDANT'S NOTICE OF REMOVAL
   │           Plaintiff,            │ TO UNITED STATES DISTRICT COURT**
12 │
   │        v.
13 │
   │ ALLEGIANT AIR, LLC;
14 │ EMPLOYEE(S)/AGENT(S) DOES 1-
   │ 20; AND ROE CORPORATIONS 11-
15 │ 20, inclusive;
16 │           Defendants.
17 │

18 │       Pursuant to 28 U.S.C. §§ 1331, 1441, & 1446, Defendant Allegiant Air, LLC,

19 │ removes this action to the United States District Court for the District of Nevada based on

20 │ the following grounds:

21 │       1.      Plaintiff Shenese Byrd-Broadus ("Plaintiff") commenced this action by

22 │ filing an unverified complaint (the "Complaint") in the Eighth Judicial District Court,

23 │ Clark County, Nevada, entitled *Shenese Byrd-Broadus v. Allegiant Air, LLC,*

24 │ *Employee(s)/Agent(s) Does 1-10; and Roe Corporations 11-20, inclusive*, Case No. A-13-

25 │ 681202-C.    The Complaint alleges the following causes of action: (1) sexual

26 │ harassment/sexual discrimination in violation of Title VII of the Civil Rights Act of 1964

27 │

28 │

FENNEMORE CRAIG, P.C.

PHOENIX

("Title VII") and Nev. Rev. Stat. § 613.330; and (2) retaliation in violation of Title VII and Nev. Rev. Stat. § 613.340.

2.      On July 23, 2013, Plaintiff served Allegiant with the Complaint.  A true and correct copy of the Complaint, along with the other documents served on Allegiant, is attached as **Exhibit A**.

3.      A notice of removal must be filed within 30 days after service of the Complaint.  28 U.S.C. § 1446(b).  This Notice of Removal is filed within 30 days of service of the Complaint and, therefore, is timely under 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Because the Court has original jurisdiction over Plaintiff's claims for sexual harassment/sexual discrimination and retaliation under Title VII, they may be removed to this Court.

5.      Further, the Complaint includes claims over which this Court may properly exercise supplemental jurisdiction.  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over claims that form part of the same case or controversy as the claims over which this Court has original jurisdiction.  Here, Plaintiff's state law claims for sexual harassment/sexual discrimination and retaliation form the same case or controversy as her Title VII claims.  Accordingly, this entire action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(c).

**WHEREFORE,** Allegiant requests that the Action be removed from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada and that no further proceedings in the Eighth Judicial District Court occur.

FENNEMORE CRAIG, P.C.
PHOENIX

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

## SHENESE BYRD-BROADUS
### v.
## ALLEGIANT AIR, LLC

## NOTICE OF REMOVAL

# EXHIBIT

# A

SUMM

# District Court

## CLARK COUNTY, NEVADA

SHENESE BYRD-BROADUS;

                Plaintiff,

vs.

ALLEGIANT AIR, LLC;
EMPLOYEE(S)/AGENTS(S) DOES 1-10;
AND ROE CORPORATIONS 11-20,
inclusive;

                Defendants.

Case No.   A-13-681202-C
Dept. No.  V

**}**

# SUMMONS

**NOTICE!   YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT**: A Civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

## ALLEGIANT AIR, LLC. c/o REGISTERED AGENT ANDREW C. LEVY

1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

       a.     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

       b.     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

_____

Christian Gabroy
Nevada Bar No. 8805
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

DIANA MATSON

By:_____

    Deputy Clerk                Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101

*DISTRICT COURT SEAL MAY 14 2013*

\*NOTE:     When service is by publication, add a brief statement of the object of the action.
              See Rules of Civil Procedure, Rule 4(b).

RECEIVED
JUL 2 3 2013
BY:_____

STATE OF _____ )

                              ) ss:        AFFIDAVIT OF SERVICE

COUNTY OF _____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of · the Summons and Complaint, on the ____ day of _____, 2012 and served the same on the ____ day of _____, 2012 by;

**(affiant must complete the appropriate paragraph)**

1.    delivering    and       leaving    a    copy    with    the    defendant at (state address)_____.

2.    serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's    usual    place    of    abode    located    at    (state    address) _____ .

(Use paragraph 3 for service upon agent, completing A or B)

3.    serving the defendant _____ by personally delivering and leaving a copy                  at               (state               address)

     a.    with _____ as _____, an agent lawfully        designated by statute to accept service of process;

     b.    with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

             _____ Ordinary mail

             _____ Certified mail, return receipt requested

             _____ Registered mail, return receipt requested

addressed to the defendant _____ at the defendant's last known address which               is               (state               address)

        Executed this ____ day of ____, 20____.

                                   _____

                                   Signature of person making service

SUBSCRIBED AND SWORN to before me this

_____ day of _____, 2012.

NOTARY PUBLIC in and for said County and State

My commission expires:

Electronically Filed
05/03/2013 08:55:43 AM

**COMP**
GABROY LAW OFFICES
Christian Gabroy, Esq. (#8805)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel     (702) 259-7777
Fax     (702) 259-7704
Attorneys for Plaintiff

CLERK OF THE COURT

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

## DISTRICT COURT

## EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA

SHENESE BYRD-BROADUS;

Plaintiff,

vs.

ALLEGIANT AIR, LLC;
EMPLOYEE(S)/AGENT(S) DOES 1-10;
AND ROE CORPORATIONS 11-20,
inclusive;

Defendants.

Case No. A-13-681202-C
Dept.:      V

**COMPLAINT**

**(JURY DEMAND)**

## COMPLAINT AT LAW

COMES NOW Plaintiff SHENESE BYRD-BROADUS ("Broadus" or "Plaintiff"), by and through her attorney Christian Gabroy of Gabroy Law Offices, and hereby complains of Defendant Allegiant Air, LLC, ("Allegiant" or "Defendant") as follows:

## JURISDICTION

1.      Jurisdiction of this Court is based upon 42 U.S.C. §2000e-2, NRS Chapter 613, and NRS Chapter 233.

2.      Plaintiff demands a jury trial on all issues triable by jury herein.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff has satisfied all administrative and jurisdictional requirements

Page 1 of 13

necessary to maintain this lawsuit. Plaintiff timely filed her charges of sex discrimination/harassment and retaliation on or about August 6, 2010. A true and correct copy of Plaintiff's charge of discrimination is attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

4.     On or about December 6, 2012, NERC issued a Letter of Determination indicating that it had found probable cause to believe that Plaintiff was subjected to unlawful sexual harassment and that it had found probable cause to believe that Plaintiff was subjected to retaliation. A true and correct copy of the NERC's Letter of Determination is attached hereto as Exhibit II. Such allegations of Exhibit II are hereby incorporated herein this Complaint.

5.     On or about March 8, 2013 the EEOC issued Plaintiff a notice of right to sue. Attached hereto as Exhibit III is a true copy of Plaintiff's right to sue which reflects the timely filing of this complaint.

## PARTIES

6.     At all times relevant, Plaintiff was a resident of the Clark County, State of Nevada.

7.     At all times relevant, Defendant was organized under the laws of the State of Nevada and is listed with the Nevada Secretary of State.

8.     At all times relevant, Defendant was doing business as an airline company in the city of Las Vegas, Clark County, Nevada, where the subject unlawful employment practices occurred.

9.     At all times relevant, Defendant was an employer as that term is defined in 42 U.S.C.§ 2000e(b)/NRS §613.310(2), in that Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding

GABROY LAW OFFICES
170 S. Green Valley Pkwy, Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

1    calendar year.

2        10.    Defendant was Plaintiff's employer.  At all times relevant when Plaintiff was

3    employed by Defendant, Plaintiff's husband was actively serving in the United States Air

4    Force as a medic in Afghanistan.  At all times relevant, Plaintiff was also pregnant when she

5    was employed by Defendant.

6        11.    The true names and capacities, whether individual, corporate or other

7    business entity, of Defendants DOES I-X and ROE corporation I-X are unknown to Plaintiff.

8    Plaintiff is informed and believes and therefore alleges that the Defendant designated herein

9    DOES I-X and ROE corporation I-X were responsible in some manner for the events and

10   happenings herein referred to and carelessly, recklessly, willfully, and/or wantonly caused

11   damages proximately thereby to the Plaintiff as alleged herein. These Defendant(s) who are

12   sued by fictitious names owed Plaintiff a duty of reasonable care, were Plaintiff's employer,

13   and/or violated statutory provisions that apply to Plaintiff and protect Plaintiff. Plaintiff will

14   petition this Court to amend this Complaint to insert the true names of each party designated

15   as Doe and/or Roe Defendant when said parties are ascertained.

16

17

18                              **FACTUAL ALLEGATIONS**

19       12.    On or about November 11, 2009, Plaintiff was employed and hired as a

20   "Call Center Agent" for Defendant Allegiant.

21       13.    Almost Immediately after Plaintiff began her employment, one of

22   Defendant's employees, Renato Giordano ("Giordano"), would frequently come to where

23   Plaintiff sat and stand extremely close to her in a sexually suggestive manner.  Giordano

24   would also sexually position himself so that his crotch was positioned immediately behind

25   Plaintiff's head, making her feel uncomfortable, and Giordano acted in a sexually

26

27   suggestive manner. At all times relevant, Giordano had supervisory control and authority

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

over Plaintiff. At all times relevant, Giordano's title was Defendant's "Resource Desk."

14.    More specifically, Giordano began to visit Plaintiff at her assigned work station. Giordano would purposely walk up directly behind the Plaintiff and stand very close and peer down over her shoulder. This made Plaintiff very uncomfortable, nervous, and scared as Giordano's suggestive positioning allowed Giordano to look directly down into Plaintiff's blouse and clothing. Plaintiff voiced her discomfort to Giordano immediately after the first incident, objected to his behavior, and Plaintiff never consented to such sexually unwelcome and harassing behavior.

15.    Even after Plaintiff explained to Giordano that his actions were unwelcome and offensive, Giordano continued to sexually suggestively walk up behind Plaintiff as Plaintiff tried to work. Giordano would then look over her shoulder. His actions became more offensive as he would occasionally stand so close that Giordano's genital area would sometimes touch the back of her head. This made Plaintiff extremely upset, nervous, and afraid.

16.    Plaintiff continued to tell Giordano to stop as she felt sexually harassed, sexually demeaned, and Giordano's unwelcome conduct was extremely upsetting.

17.    After several weeks of Giordano's outrageous behavior still occurring, in and about January of 2010, Plaintiff spoke with her direct supervisor, James Lynch ("Lynch") regarding Giordano's behavior and according to Defendant's proscribed policy on reporting sexual harassment. At this time, Plaintiff internally complained, in good faith, of Giordano's unwelcome and unlawful, sexually hostile behavior to Lynch.

18.    Also in January of 2010, Plaintiff spoke with a different supervisor, Bruce Marshall ("Marshall"), about Giordano's inappropriate behavior in accordance with Defendant's proscribed policy on reporting sexual harassment. At this same time,

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Plaintiff internally complained, in good faith, of the unwelcome and unlawful, sexually hostile environment to Defendant.

19.   At all times relevant, Plaintiff followed Defendant's proscribed complaint procedure in notifying her supervisors of the harassing, sexually hostile conduct of Giordano. She explained the sexual nature of the conduct and sought help from Defendant to stop the harassment.

20.   Despite Plaintiff's reports of the sexually hostile and harassing behavior, Giordano did not cease his behavior.  At no time did Defendant appropriately investigate such sexual behavior, Defendant did not appropriately cease such behavior, and Defendant did not take appropriate actions to remedy such behavior.

21.   For months, Plaintiff was forced to endure constant and humiliating sexually hostile behavior of Giordano.

22.   Additionally, throughout her employment, Plaintiff's supervisor David Miranda ("Miranda") would also engage in sexually hostile behavior such as frequently staring at Plaintiff's breasts during conversations and Miranda would position himself in the workplace in such a way that he could sexually gaze at her breasts through the aisle.   Such behavior was unwelcome, severe and pervasive, Plaintiff did not consent to such behavior, and Plaintiff was disturbed by such behavior.  Two of Defendant's other customer service agents have admitted that Miranda acts in a sexually hostile manner by stating that Miranda "tends to stare at breasts."

23.   In and around June of 2010, Plaintiff further internally complained to Marshall about Miranda's behavior. Marshall informed Plaintiff not to tell anyone else about that conversation.

24.   At this time, Plaintiff explained the sexually hostile behavior and how it

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

continued to affect her health and her work.

25.     Marshall acknowledged the complaint but did not attempt to appropriately investigate such complaint, did not correct such indecent conduct, nor did Marshall cease Miranda's behavior.

26.     On or about June 16, 2010, Plaintiff decided to further internally complain of such sexually hostile work environment. Plaintiff arrived at work early, accompanied by a co-worker, and went to the Defendant's human resource office.  Plaintiff wanted to notify Defendant of the sexually harassing behavior and the failure of the supervisors to correct and stop the disturbing, unwelcomed behavior.

27.     Unfortunately, the appropriate person Plaintiff was seeking to speak with was unavailable. No alternative person was identified for the Plaintiff to notify.

28.     Marshall was notified that Plaintiff had visited human resources to make an internal complaint of such unlawful conduct in good faith. Marshall sought out and approached the two women and questioned them as to why they were taking the complaint to Defendant's human resources after notifying him of the problem.

29.     Plaintiff and her co-worker declined to discuss it with Marshall who then became angry and upset.  Plaintiff and her co-worker friend became fearful and still refused to discuss the reason they went to human resources and asked if they could just return to their work stations.  They then went back to work.

30.     Also on or about June 16, 2010, Plaintiff received a call from her husband, who was serving in the United Stated Air Force and had been deployed to Afghanistan. Plaintiff took a short break to take the international phone call because her husband was not able to frequently call Plaintiff. Plaintiff had notified management of her husband's international military service earlier during her employment and sought

Page 6 of 13

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

permission to take a short call from her husband as the time difference and military

uncertainty made it nearly impossible for her husband to predict the time of his call.

Defendant had given her permission to take the call.

31.    Defendant knew that Plaintiff's husband was serving in Afghanistan and

had never before had a problem with Plaintiff taking a short break to answer his phone

call.

32.    Later in the afternoon on June, 16, 2010, Plaintiff was called into a

conference with Miranda and Michelle Hessner to discuss the call that she had taken

during the day.

33.    Despite having previously given Plaintiff permission to take phone calls

from her husband, Plaintiff was chastised and told that she was in violation of

Defendant's policy regarding personal phone calls.

34.    After this conversation Plaintiff was extremely upset. Plaintiff could not

understand why she was being investigated and harassed for misconduct by doing

something she had done before and had permission to do.  Plaintiff became anxious,

fearful, and could not concentrate on her work. Plaintiff, because of Defendant's

outrageous actions, subsequently left for the day.

35.    On June 17, 2010 Plaintiff again arrived at work early to speak with

Defendant's human resources. On that day, Plaintiff explained and reported her

concerns and described the nature and specifics of the sexually harassing behavior and

her steps in notifying and internally complaining to her supervisor and other

management personnel of such outrageous conduct.  Plaintiff also informed them that

no appropriate investigation had taken place and that such unlawful activity was still

occurring. Plaintiff, thus, internally complained of such unlawful conduct in good faith to

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Defendant and utilized Defendant's proscribed policy for reporting harassment.

36.     Following such discussion, Plaintiff was sent home by Defendant's human resources, until further notice from Defendant's human resources and until Defendant "could figure out what was going on."

37.     On or about June 23, 2010, Plaintiff received a call from Defendant stating that their "investigation" was complete.  Further, Plaintiff was informed that Plaintiff would be able to return to work with disciplinary action taken against her including two attendance points, a no call/no show violation being assessed against her, and that she would be suspended from work for seven days without pay.   Further, Plaintiff was told that she was going to be issued a final warning by Defendant.

38.     The aforementioned conduct caused Plaintiff, who was pregnant and whose husband was serving in Afghanistan, an extreme amount of stress, anxiety, sleeplessness, and worry.

39.     Additionally, such aforementioned conduct caused Plaintiff to require emergency healthcare to prevent her pregnancy from resulting in a miscarriage.

40.     Because of the aforementioned and outrageous conduct by Defendant, Plaintiff was unable to return to work for Defendant and was constructively discharged by Defendant's actions.

41.     At this time, Defendant's actions had materially changed and altered Plaintiff's working conditions.  Plaintiff was constantly subjected to sexually harassing behavior, she had followed Company policy in notifying management of such behavior, and nothing had been appropriately done to correct or stop the severe and pervasive sexually offensive and hostile behavior. Plaintiff also felt threatened by a supervisor to whom she had first voiced her internal complaint.  Plaintiff was further retaliated against

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

by being disciplined for taking such action.  Further, Plaintiff was disciplined and further retaliated against under Defendant's Attendance Control Policy for a "no call / no show" when Plaintiff was at work meeting with human resources on the date Plaintiff was being disciplined for being "absent."

42.     Due to Defendant's extreme and outrageous actions, Plaintiff became nervous, stressed, and suffered medical conditions that affected her pregnancy.

43.     Defendant's outrageous and extreme actions constituted a constructive discharge as Plaintiff was unable to return to work because of Defendant's actions.

44.     On or about August 6, 2010, Plaintiff filed a charge of discrimination and retaliation.  *See* Exhibit 1.

45.     On or about December 6, 2012 Plaintiff received a determination letter from the Nevada Equal Rights Commission in which it was determined that Plaintiff had been discriminated against based on sex and retaliated against for opposing an unlawful employment practice.

46.     On or about March 8, 2013, Plaintiff was issued a notice of a right to sue after conciliation efforts failed.   *See* Exhibit III.

47.     Plaintiff has timely filed this Complaint within ninety (90) days of receipt of this notice to right to sue.

### FIRST CAUSE OF ACTION
### Sexual Harassment / Sexual Discrimination
### 42 U.S.C §2000e-2 (Title VII) / NRS 613.330

48.     Plaintiff repeats and realleges all of the allegations contained in Paragraphs 1-47 of this Complaint as though fully set forth herein.

49.     As more fully set forth above, Plaintiff was subjected to unwelcome, unconsenting, and harassing behavior of a sexual nature by Defendant's employees.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

50.   This conduct is the type that a reasonable woman in Plaintiff's position would find it to be sufficiently severe or pervasive.

51.   This sexually offensive conduct endured by Plaintiff was so severe and pervasive that it was frequent, humiliating, and interfered with Plaintiff's ability to work.

52.   This sexual conduct was sufficiently severe or pervasive as to alter the compensation, terms, conditions and privileges of Plaintiff's employment.

53.   Defendant, through its various personnel, knew of this sexually charged hostile environment and took no action to stop it.

54.   Given the aforementioned, Defendant's conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII and/or NRS 613.330. Defendant, in creating, condoning, and perpetuating a sexually hostile work environment, has engaged in a discriminatory practice with discriminatory hostility based upon Plaintiff's status as a female, with malice or reckless indifference to Plaintiff's federally protected rights.  Defendant, by the aforementioned conduct, discriminated against Plaintiff.

55.   As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

56.   As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

57.   Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1    award of exemplary or punitive damages.

2
                          **SECOND CAUSE OF ACTION**
3                               **Retaliation**
                   **42 U.S.C. §2000e-3(a) (Title VII) / NRS 613.340**
4

5        58.     Plaintiff repeats and realleges all of the allegations contained in
6    Paragraphs 1-57 of this complaint as though fully set forth herein.

7        59.     As mentioned herein, Plaintiff internally complained, in good faith, about
8    the sexually harassing behavior utilizing Defendant's proscribed policy for such reporting
9    of unlawful behavior.

10       60.     As mentioned herein, Defendant took retaliatory action against Plaintiff for
11   Plaintiff reporting such conduct. Defendant knew of this retaliatory action through its
12   various personnel, and took no action to stop or correct it.  Defendant's demoting of
13   Plaintiff, Defendant suspending Plaintiff for a week, Defendant docking Plaintiff's pay,
14   Defendant assessing Plaintiff a two point attendance charge, and Defendant declaring
15   that Plaintiff was a no call no show after and constructive discharge of Plaintiff
16   constituted a retaliatory discharge and adverse employment action in violation of 42
17   U.S.C. §2000e-3(a)/NRS §613.340.  Specifically, Defendant retaliated against Plaintiff
18   because Plaintiff, while acting reasonably and in good faith, opposed and complained of
19   Defendant's hostile, abusive, and discriminatory work environment.   There exists a
20   casual link between such action taken against Plaintiff by Defendant and the complaints
21   of the harassment and discrimination.
22
23       61.     Defendant, by demoting, terminating, and taking adverse employment
24   actions against Plaintiff because she reported, questioned, and complained of
25   Defendant's harassing conduct and hostile work environment, has engaged in a
26
27

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

discriminatory practice with malice or with reckless indifference to Plaintiff's federally protected rights.

61.     As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has sustained damages in excess of Ten Thousand Dollars ($10,000.00).

62.     As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorneys' fees and costs.

63.     Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant as follows:

A.     For general damages in excess of $10,000.00;

B.     For special damages, where applicable, in excess of $10,000.00;

C.     For equitable relief;

D.     For punitive and exemplary damages on claims warranting such damages;

E.     Reasonable attorneys' fees and costs incurred in filing this action;

F.     For interest calculated at the prevailing rate;

G.     For such other and further relief as the Court deems just and proper.

Dated this __3__ day of May 2013.

Respectfully submitted,

GABROY LAW OFFICES

By _____
CHRISTIAN GABROY

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel    (702) 259-7777
Fax    (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Page 13 of 13

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☒ FEPA ☒ EEOC | 34B-2010-00721 |

| Nevada Equal Rights Commission | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Shenese Byrd | (702) 806-4315 | 12-05-1983 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6543 Blooming Sun Court, Las Vegas, NV 89142 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| ALLEGIANT AIR | Unknown | (702) 851-7300 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8360 S Durango Dr, Las Vegas, NV 89140 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-01-2009   Latest: 06-17-2010

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

The Respondent has discriminated against me because of my gender, Female, by subjecting me to sexual harassment and retaliation. I filed my complaint with the Nevada Equal Rights Commission on June 21, 2010.

I was hired by the Respondent on or about November 11, 2009, and worked as a Call Center Agent.

**Sexual Harassment:** In November of 2009, I complained to my supervisor, Bruce Marshall, that Renato Giordano, Resource Desk, made me feel uncomfortable. Mr. Giordano would stand behind me with his private area facing the back of my head. In addition, he would lean over my shoulder and look down at my breasts. He continued to stand close to me, even after multiple requests not to.

**Retaliation:** On or about June 16, 2010, a co-worker and I went to Human Resources to complain regarding Mr. Giordano's behavior and other incidents. Later that day, I was counseled by David Miranda and Michelle

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8/6/2010 *Date*   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | | [X] FEPA | |
| | | [X] EEOC | 34B-2010-00721 |
| Nevada Equal Rights Commission | | | and EEOC |
| State or local Agency, if any | | | |

THE PARTICULARS ARE (if additional paper is needed, attach extra sheet(s)):

Hessner, per Mr. Marshall, for taking a personal call on company time. Three to four weeks prior, I was interviewed by Mr. Marshall in regards to Mr. Miranda. I told the employer that when he spoke to me or other female employees, he would stare at our breasts.

I was suspended pending investigation on June 17, 2010. When I tried to reach Buffline Schnieder, Human Resources, she was unavailable.

On June 23, 2010, the employer notified me that I would receive pay while I was out on suspension, but when I returned, I would receive 2 attendance points and be suspended for 7 days without pay.

I am discriminated against because of my gender, in violation of Title VII of the Civil Rights Act of 1964, as amended and applicable State statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8/6/2010                    *(signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date          Charging Party Signature | (month, day, year) |

EXHIBIT 2



NEVADA EQUAL RIGHTS
COMMISSION

**Nevada Department of Employment,
Training and Rehabilitation**

BRIAN SANDOVAL
Governor

FRANK R. WOODBECK
Director

SHELLEY CHINCHILLA
Administrator

December 6, 2012

**Case Name:**
Shenese Byrd
vs.
Allegiant Air

**Charge No.:**
NERC No. 0806-10-0266L
EEOC No. 34B-2010-00721

**Charging Party**
Shenese Byrd
4421 E Azure Ave
Las Vegas, NV 89115

**Respondent**
John Krason
Employee Relations Manager
Allegiant Airlines
8360 S. Durango Drive
Las Vegas, NV 89113

### DETERMINATION

Respondent Allegiant Air is an employer, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and NRS 613.310 and timeliness and all other requirements for coverage have been met.

The above referenced charge was filed by Charging Party Shenese Byrd against her former employer, Respondent Allegiant Air alleging sexual harassment and retaliation.

Sexual harassment is actionable where the harassment is of a sexual nature, unwelcomed, and severe or pervasive enough as to create an abusive working environment. See *Meritor Savings Bank v. Vinson*, 106 S. Ct. 2399 (1986). In determining whether specific conduct is sufficiently "severe or pervasive to alter the conditions of employment," courts utilized a "middle path" approach where "occasional annoying or merely offensive comments do not constitute sexual harassment." *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1463 (9th Cir. 1994). To determine whether an environment is sufficiently hostile, courts look to "the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000). Byrd has established a hostile work environment regarding the behavior by lead Renato Giordano and supervisor David Miranda.

Where harassment by a co-worker is alleged, an employer can be held liable only where its own negligence is a cause of the harassment. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759 (1998). "Title VII liability is direct, not derivative: An employer is responsible for its own actions or omissions, not for the co-worker's harassing conduct."

*Swenson v. Potter*, 271 F.3d 1184, 1191-92 (9th Cir. 2001).  Notice of an employee's sexually harassing conduct triggers the employer's duty to take prompt corrective action that is reasonably calculated to end the harassment.  This obligation has two parts.  "The first consists of the temporary steps the employer takes to deal with the situation while it determines whether the complaint is justified.  The second consists of the permanent remedial steps the employer takes once it has completed its investigation." *Id.* at 1192.  Whether the employer's permanent remedial steps are reasonable turns on the ability of the remedy to (1) "stop harassment by the person who is engaged in the harassment" and (2) "persuade potential harassers to refrain from unlawful conduct." *Nichols v. Azteca Rest. Enters.*, 256 F.3d 864, 875 (9th Cir. 2001).

Byrd complained to supervisor James Lynch about Giordano's leaning over her desk and invading her space in January 2010.  Bruce Marshall counseled Giordano to stop leaning into employee's personal space.  However, Giordano continued his inappropriate behavior after 5:00 p.m. after Marshall left.  It does not appear Respondent took prompt corrective action with respect to Giordano.

Since Miranda was a supervisor, a different standard applies.  "An employer's liability for harassing conduct is evaluated differently when the harasser is a supervisor as opposed to a coworker." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1119 (9th Cir. 2004).  An employer is vicariously liable for a hostile environment created by a supervisor, although such liability is subject to an affirmative defense.  To avail itself of the affirmative defense, the employer must show that "it exercised reasonable care to prevent and correct promptly any invidious harassment," and that the employee "unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or avoid harm otherwise." *Id.*  The affirmative defense is available, however, only if the harassment did not culminate in a "tangible employment action," which is a significant change in employment status such as discharge or undesirable reassignment. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

Byrd complained on June 17, 2010 to human resources that Miranda stared at her breasts and that he stared down the aisle where she was seated.  Respondent investigated and disciplined Miranda by issuing a verbal counseling and requiring him to attend a leadership training class which included training on unlawful harassment.  However, it appears that the harassment resulted in a tangible employment action because Byrd was disciplined when she went to human resources to complain about several issues, including Miranda.

Probable cause supports the charge of sexual harassment.

In order to establish retaliation under Title VII, Byrd much show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between her activity and the employment decision. *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2004).  On January 11, 2010, Byrd complained to Lynch that Renato Giordano leaned over her desk and invaded her personal space.  On May 10, 2010, Byrd was interviewed when Respondent investigated another employee's complaint that David Miranda was staring at her breasts.  On June 17, 2010, Byrd complained to human resources about Miranda staring at her breasts.  On June 23, 2010, Byrd suffered an adverse employment action when she received nine

attendance points with a final warning and was suspended for one week for leaving her work station twice on June 16 and being a no call/no show on June 17, 2010. "[I]n some cases causation can be inferred from timing alone when an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air, Inc.*, 281 F3.d 1054, 1065 (9th Cir. 2002).  About six months passed between Bryd's complaint about Giordano, about a month passed between her participation in the investigation regarding Miranda, and about a week passed between her complaint about Miranda, and her discipline. Byrd has established a prima facie case.

If Respondent offers a legitimate non-discriminatory reason for its actions, Byrd then "bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." *Stegall*, 350 F.3d at 1066. Respondent has offered a legitimate non-discriminatory reason for Byrd's discipline for her attendance issues.  Respondent states that Byrd traded shifts with a co-worker and was supposed to start at 8:00 on June 17 and she did not report on time, thus being no call, no show.  Byrd states that she was working her regular schedule and went to human resources before her shift started at 12:30.  The notes from human resources on June 17 state that Byrd was sent home pending the investigation.  However, being sent home seems to contradict the "no call no show" part of Byrd's disciplinary suspension.  The suspension notice does not indicate what points were assessed for leaving the job early on June 16, 2010 and what points were assessed for no call, no show.  Byrd had also attempted to contact human resources on June 16 but was unsuccessful.

Probable cause supports the charge of retaliation.

NRS 233.170(2) requires that if the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion.  Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter via Conciliation on **Wednesday, January 9, 2013 at 9:00 a.m.** at the Commission's *new address* at 1820 East Sahara Ave., Suite 314, Las Vegas, NV 89104. In the event the parties refuse to participate in conciliation, the Commission shall close the charge and forward it to the Equal Employment Opportunity Commission ("EEOC") for determination as to whether the EEOC will prosecute the matter and/or for the issuance of a Right to Sue Letter.

On Behalf of the Commission,

Michael Baltz
Chief Compliance Investigator

EXHIBIT III

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Shenese Byrd<br>4421 E Azure Ave<br>Las Vegas, NV 89115 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2010-00721 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Olophius E. Perry_
Olophius E. Perry,
District Director

*march 8, 2013*
*(Date Mailed)*
March 8, 2013

Enclosures(s)

cc:   John Krason
Employee Relations Manager
ALLEGIANT AIRLINES
8360 So Durango Drive
Las Vegas, NV 89113

Christian Gabroy
GABROY LAW OFFICES
170 So Green Valley Pkwy., Suite 280
Henderson, NV 89012

1  **IAFD**
GABROY LAW OFFICES
2  Christian Gabroy, Esq. (#8805)
The District at Green Valley Ranch
3  170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
4  Tel    (702) 259-7777
Fax    (702) 259-7704
5  *Attorneys for Plaintiff*

6                              **DISTRICT COURT**

7          **EIGHTH JUDICIAL DISTRICT COURT, CLARK COUNTY NEVADA**

8
9  SHENESE BYRD-BROADUS;                          Case No.
10                 Plaintiff,                     Dept.:
11  vs.

12  ALLEGIANT AIR, LLC;
EMPLOYEE(S)/AGENTS(S) DOES 1-          **Initial Appearance Fee Disclosure**
13  10; AND ROE CORPORATIONS 11-20,
inclusive;
14
15                 Defendants.

16      Pursuant to NRS Chapter 19, filing fees are submitted for parties appearing in

17  the above-captioned action as indicated below:

18              Shenese Byrd-Broadus, Plaintiff                    $270.00
19
20              TOTAL REMITTED                                     $270.00

21      Dated this 7th  day of February  2013.

22                                          GABROY LAW OFFICES.

23                                          By:
                                            Christian Gabroy (#8805)
24                                          170  South  Green  Valley  Parkway,
                                            Suite 280
25                                          Henderson, Nevada 89012
                                            Tel    (702) 259-7777
26                                          Fax    (702) 259-7704
                                            christian@gabroy.com
27

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

Page 1 of 1